UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

· 2005 MAR -3  P 4: 50

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| CHAMPPS ENTERTAINMENT, INC., <br> Plaintiff, <br><br> v. <br><br> AMERICAN INTERNATIONAL GROUP, <br> INC., <br> Defendant. | C.A. No. 04-11444-RWZ |

### MOTION OF THE DEFENDANT, AMERICAN INTERNATIONAL GROUP, INC., TO DISMISS THE PLAINTIFF'S FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO STAY THIS ACTION PENDING ARBITRATION

The defendant, American International Group, Inc. ("AIG"), respectfully moves that this Court dismiss this action on the following grounds:

- The plaintiff's First Amended Complaint explicitly alleges that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(c), based on the alleged diversity of the parties and the amount in controversy. See First Amended Complaint, ¶ 8. At the same time, however, the plaintiff's First Amended Complaint alleges that the plaintiff, Champps Entertainment, Inc. ("Champps"), and the defendant, American International Group, Inc. ("AIG"), are both incorporated in the State of Delaware. See First Amended Complaint, ¶¶ 4 and 7. Therefore, the plaintiff's First Amended Complaint fails to set forth facts sufficient to establish jurisdiction of this Court over the subject matter of this action, and the plaintiff's

First Amended Complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

- Assuming *arguendo* that this Court should find that it has subject matter jurisdiction over this matter, which based on the clear allegations contained in its First Amended Complaint cannot be the case, Champps has amended its original Complaint filed with this Court by dropping National Union Fire Insurance Company of Pittsburgh, PA ("National Union") as a defendant and naming only AIG, while alleging the same facts and disputes alleged in its original complaint and which are the subject of the arbitration between National Union and Champps. This, however, is no more than a transparent attempt to circumvent the Memorandum and Order issued by Judge Naomi Reice Buchwald of the United States District Court for the Southern District of New York (the "New York Federal Court") compelling arbitration between the Champps and National Union, a copy of which is attached hereto as Exhibit "1." Accordingly, this action should be dismissed, or in the alternative, stayed pending the arbitration between National Union and Champps because the facts and issues contained in the plaintiff's First Amended Complaint are duplicative of those which will be adjudicated in the arbitration between Champps and National Union.

Pursuant to Local Rule 7.1(B)(1), a Memorandum of Law with citations to supporting authorities is attached hereto and incorporated herein.

WHEREFORE, the defendant, American International Group, Inc., requests that this Honorable Court:

A.     Dismiss the plaintiff's First Amended Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because the plaintiff's First Amended Complaint fails to set forth facts sufficient to establish jurisdiction of this Court over the subject matter of this action; or, in the alternative,

B.     Dismiss the plaintiff's First Amended Complaint because the facts which are the subject of Champps' First Amended Complaint are no different than the facts which are the subject of the arbitration proceedings in New York; or, in the alternative,

C.     Stay the plaintiff's First Amended Complaint pending the completion of the arbitration proceedings between Champps and National Union pending in New York;

D.     Grant such other and further relief as this Court deems fair and just.[1]

---

[1] In light of Champps' failure to adhere to the most elementary prerequisites for filing an action in federal court on the basis of diversity jurisdiction, American International Group, Inc. submits that it would well be within the discretion of this Court to sanction Champps and order that it pay the defendant's attorney's fees and costs incurred in responding to this complaint.

## REQUEST FOR ORAL ARGUMENT

American International Group, Inc. requests oral argument on this motion.

The Defendant,
American International Group, Inc.,
By its attorneys,

James J. Duane, III
B.B.O. #136500
Eric M. Chodkowski
B.B.O. #648629
TAYLOR, DUANE, BARTON
  & GILMAN, LLP
160 Federal Street, 5th Floor
Boston, MA 02110
(617) 654-8200
FAX (617) 482-5350

Of counsel:
ZEICHNER ELLMAN & KRAUSE LLP
Michael S. Davis
Anthony I. Giacobbe, Jr.
575 Lexington Avenue
New York, New York  10022
(212) 223-0400
FAX:  (212) 753-0396

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2) AND CERTIFICATION OF SERVICE

I hereby certify that prior to filing this motion, I conferred with Donna Depoian, counsel for Champps Entertainment, Inc., regarding the subject matter of this motion. We were unable to resolve or narrow the issues raised within this motion. Therefore, we file this motion with the Court for resolution of the issues contained herein. I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on March 3, 2005.

Eric M. Chodkowski

4