UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHAMPPS ENTERTAINMENT, INC., ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMERICAN INTERNATIONAL GROUP, ) <br> INC., ) <br> Defendant. ) | C.A. No. 04-11444 RWZ |

**MEMORANDUM IN SUPPORT OF THE MOTION OF THE DEFENDANT, AMERICAN INTERNATIONAL GROUP, INC., TO DISMISS THE PLAINTIFF'S FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO STAY THIS ACTION PENDING ARBITRATION**

The plaintiff's First Amended Complaint explicitly alleges that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(c), based on the alleged diversity of the parties and the amount in controversy. See First Amended Complaint, ¶ 8. As detailed below, however, the plaintiff, Champps Entertainment, Inc. ("Champps"), and the defendant, American International Group, Inc. ("AIG"), are not "citizens of different states" as defined by 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1332(c)(1) because both are incorporated in the State of Delaware. Therefore, the plaintiff's First Amended Complaint fails to set forth facts sufficient to establish jurisdiction of this Court over the subject matter of this action, and the plaintiff's First Amended Complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Assuming *arguendo* that this Court should find that it has subject matter jurisdiction over this matter, which based on the clear allegations contained in its First Amended

Complaint cannot be the case, Champps has amended its original Complaint filed with this Court by dropping National Union Fire Insurance Company of Pittsburgh, PA ("National Union") as a defendant and naming only AIG, while alleging the same facts and disputes alleged in its original complaint and which are the subject of the arbitration between National Union and Champps. This, however, is no more than a transparent attempt to circumvent the Memorandum and Order issued by Judge Naomi Reice Buchwald of the United States District Court for the Southern District of New York (the "New York Federal Court") compelling arbitration between the Champps and National Union, a copy of which is attached hereto as Exhibit "1." Accordingly, this action should be dismissed, or in the alternative, stayed pending the arbitration between National Union and Champps because the facts and issues contained in the plaintiff's First Amended Complaint are duplicative of those which will be adjudicated in the arbitration between Champps and National Union.

### THE PARTIES

According to the plaintiff's First Amended Complaint, "Champps is a Delaware corporation with its principal place of business at 10375 Park Meadows Drive, Suite 560, Littleton, Colorado 80124." See First Amended Complaint, ¶ 4.

The First Amended Complaint also alleges that AIG "is a corporation organized under the laws of Delaware that maintains a principal place of business at 70 Pine Street, New York, New York, licensed to do business in the Commonwealth of Massachusetts." See First Amended Complaint, ¶ 7.

## **FACTUAL AND PROCEDURAL HISTORY**[1]

Beginning July 1, 1994, National Union provided workers' compensation, automobile liability, general liability and related insurance coverages for the benefit of DAKA International, Inc. ("DAKA") and its employees pursuant to an insurance program ("Insurance Program"). In connection with the Insurance Program, the parties also entered into an Indemnity Agreement, dated as of July 1, 1994. Among other things, the Indemnity Agreement contained a broad arbitration clause by which the parties agreed that all unresolved disputes between National Union and DAKA will be submitted to arbitration in New York. In addition, DAKA agreed to pay certain premium amounts and to indemnify and reimburse National Union for actual losses under the Insurance Program. Thus, DAKA provided National Union with collateral for its obligations under the Insurance Program.

On or about May 19, 1998, National Union and Unique Casual Restaurants, Inc. ("Unique"), a predecessor to Champps, entered into an Assumption Agreement under which Unique assumed all the liabilities and benefits of DAKA under the Insurance Program, the Indemnity Agreement, and any other agreements between the parties. Thus, the Insurance Program was now governed by the Indemnity Agreement, the addenda and schedules to the Indemnity Agreement, and the Assumption Agreement (collectively the "Program Agreements").

After a dispute arose between Champps and National Union regarding the parties' rights and obligations under the Insurance Program and the Program Agreements, Champps

---

[1] The factual history presented in this section is derived, in large part, from the pleadings submitted along with National Union's Demand for Arbitration which are summarized in Judge Buchwald's Memorandum and Order.

filed a Complaint with this Court against National Union and AIG seeking, inter alia, a declaratory judgment to determine its rights and obligations under the Insurance Program and Program Agreements and injunctive relief demanding release of its letter of credit. However, because the disputes asserted by Champps in the Complaint were subject to mandatory arbitration pursuant to the Program Agreements, National Union filed a Demand for Arbitration with the New York Federal Court on August 9, 2004. National Union's Demand for Arbitration asserted a claim for payment of all amounts owed to it pursuant to the Program Agreements and sought a determination of all disputes asserted by Champps in its Complaint filed with this Court.

Judge Buchwald heard National Union's motion to compel arbitration and issued a memorandum and order granting National Union's motion on December 13, 2004. See Exhibit "1." After receiving the New York Federal Court's Order, Champps then amended the Massachusetts Complaint some two months later, dropping National Union as a defendant and naming only AIG, while asserting substantially the same facts and disputes contained in its original complaint and which are the subject of the arbitration between National Union and Champps.

## ARGUMENT

**I.  BECAUSE THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THIS ACTION, IT MUST BE DISMISSED PURSUANT TO RULE 12(B)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

According to the First Amended Complaint, the Court's jurisdiction over this controversy is based on 28 U.S.C. § 1332. That statute provides, in pertinent part, that:

> Diversity of Citizenship ...

> (a) The district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between
>
> > (1) citizens of different states; ...
>
> (c) For the purposes of this section ...
>
> > (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principle place of business ...

"Citizenship" for purposes of 28 U.S.C. § 1332 is determined at the time suit is filed. Lundquist v. Precision Valley Aviation, Inc., 946 F.2d 8, 9 (1st Cir. 1991). If the allegations of diversity are challenged, the party asserting federal jurisdiction bears the burden of demonstrating its existence. Bull HN Information Systems, Inc. v. Hutson, 229 F.3d 321, 328 (1st Cir. 2000).

In this case, Champps has admitted it is incorporated in the State of Delaware. See First Amended Complaint, ¶ 4. Likewise, Champps has admitted that AIG is a corporation which is incorporated in the State of Delaware. See First Amended Complaint, ¶ 7. Therefore, this Court does not have jurisdiction over this controversy pursuant to 28 U.S.C. § 1332 because Champps and AIG are both citizens of Delaware for purposes of diversity jurisdiction. Because no other basis for federal jurisdiction exists, this Court should dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## II. CHAMPPS' FIRST AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE THE NEW YORK FEDERAL COURT HAS ORDERED THAT THESE DISPUTES MUST BE ARBITRATED.

As stated above, Judge Buchwald granted National Union's Motion to Compel Arbitration of Champps' claims against it, which are set forth in Champps' Complaint filed in this Court. See Exhibit "1", p. 9. Following Judge Buchwald's Order, Champps then filed its First Amended Complaint with this Court in an attempt to proceed with its claims against AIG, a copy of which is attached as Exhibit "2." Although Champps has "amended" its original complaint, there is hardly anything new about it. In fact, Champps' First Amended Complaint is nothing more than its original complaint with a new caption which omits National Union as a defendant. A copy of Champps' original Complaint is attached as Exhibit "3." Because the facts which are the subject of Champps' First Amended Complaint are no different than the facts which are the subject of the arbitration proceedings in New York, AIG requests that this Court dismiss Champps' First Amended Complaint.

## III. IN THE ALTERNATIVE, THIS COURT SHOULD STAY THIS LAWSUIT AGAINST AIG PENDING THE RESULTS OF THE ARBITRATION PROCEEDINGS BETWEEN NATIONAL UNION AND CHAMPPS WHICH INVOLVE THE SAME OPERATIVE FACTS.

Massachusetts federal case law prohibits Champps from proceeding with its Complaint against AIG because the facts and issues contained in the plaintiff's First Amended Complaint are duplicative of those which will be adjudicated in the arbitration between National Union and Champps. In fact, the Honorable Judge Nathanial Gorton recently presided over a matter where he ruled that a non-signatory to an arbitration agreement was entitled to a stay pending arbitration between the signatories. Spencer

Furniture, Inc. v. Media Arts Group, Inc., 349 F.Supp.2d 49, 53 (D.Mass.2003); see also Harvey v. Joyce, 199 F.3d 790, 795-796 (5th Cir. 2000) and WordCrisa Corp. v. Armstrong, 129 F.3d 71, 74 (2nd Cir. 1997). This holding and the facts from Spencer directly apply to the circumstances at hand.

In Spencer, the claims asserted against Kinkade, the non-signatory to the arbitration agreement, were the same as those asserted against Media Arts Group and arose from the same operative facts. Id. In addition, the claims against Kinkade and Media Arts Group were inseparable because the same counts for relief were alleged against each. Id. Judge Gorton stated that "if the case against Kinkade were to proceed while the arbitration between [the plaintiff] and [Media Arts Group] is pending, the latter would be both redundant and meaningless, the federal policy in favor of arbitration would be thwarted and [Media Arts Group's] right to arbitrate would be adversely affected." Id. at 54. In a footnote, Judge Gorton further stated that "this Court has inherent power, in exercising control over its docket, to stay in its discretion the proceeding against Kinkade pending the outcome of the arbitration. Id. at 54, n. 3 citing e.g., American Shipping Line, Inc. v. Massan Shipping Industries, Inc., 885 F.Supp. 499, 501 (S.D.N.Y. 1995). In the interest of judicial economy, the Court in Spencer stayed the proceeding against Kinkade pending the completion of the arbitration between the plaintiff and Media Arts Group. Id.

The facts of this case are essentially no different from the relevant facts in Spencer. Accordingly, because the disputes alleged by Champps against AIG arise out of the same operative facts giving rise to its claim against National Union, AIG requests that this Court

7

exercise its discretion and stay the proceedings against AIG pending the completion of the arbitration between Champps and National Union in New York.

### CONCLUSION

For the reasons stated above, AIG respectfully requests that this Court dismiss the plaintiff's First Amended Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because it fails to set forth facts sufficient to establish jurisdiction of this Court over the subject matter of this action. However, assuming *arguendo* that this Court should find that it has subject matter jurisdiction over this matter, which based on the clear allegations contained in its First Amended Complaint cannot be the case, AIG respectfully requests that this Court dismiss the plaintiff's First Amended Complaint or in the alternative, stay this action pending the arbitration between National Union and Champps in New York.

The Defendant,
American International Group, Inc.,
By its attorneys,

_____
James J. Duane, III
B.B.O. #136500
Eric M. Chodkowski
B.B.O. #648629
TAYLOR, DUANE, BARTON
 & GILMAN, LLP
160 Federal Street, 5th Floor
Boston, MA 02110
(617) 654-8200
FAX (617) 482-5350

Of counsel:
ZEICHNER ELLMAN & KRAUSE LLP
Michael S. Davis
Anthony I. Giacobbe, Jr.
575 Lexington Avenue
New York, New York  10022
(212) 223-0400
FAX:  (212) 753-0396

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2) AND CERTIFICATION OF SERVICE

I hereby certify that prior to filing this motion, I conferred with Donna Depoian, counsel for Champps Entertainment, Inc., regarding the subject matter of this motion. We were unable to resolve or narrow the issues raised within this motion. Therefore, we file this motion with the Court for resolution of the issues contained herein. I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on March 3, 2005.

_____
Eric M. Chodkowski