Donna L. Depoian, Esq. (BBO # 547215)
614 Forest Street
North Andover, MA 01845
Telephone: 978-725-8880
-and-
ANDERSON KILL & OLICK, P.C.
John N. Ellison, Esq.
Claudine Q. Homolash, Esq.
1600 Market Street
Suite 2500
Philadelphia, PA 19103
(215) 568-4202
Attorneys for Plaintiff
Champps Entertainment, Inc.

04  11444 RWZ

FILED
IN CLERKS OFFICE

'04 JUN 24  A 9 28

U.S. DISTRICT COURT
DISTRICT OF MASS.

MAGISTRATE JUDGE Bowler

RECEIPT # 56878
AMOUNT $ 150
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK Tom
DATE 6/24/04

## UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

CHAMPPS ENTERTAINMENT, INC.,
1035 Park Meadows Drive, Suite 560
Littleton, Colorado 80124

Plaintiff,

v.

AMERICAN INTERNATIONAL GROUP,
INC., and
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,
70 Pine Street
New York, New York 10270

Defendants.

CIVIL ACTION NO. _____

**JURY TRIAL DEMANDED ON ALL COUNTS**

## COMPLAINT

Plaintiff Champps Entertainment, Inc. ("Champps"), by its undersigned

counsel, hereby submits its Complaint against Defendants American International

Group, Inc. and National Union Fire Insurance Company of Pittsburgh, PA (collectively,

"AIG"), and in support thereof, avers as follows:

## Preliminary Statement

1.    This is an action for violations of the Massachusetts Consumer Protection Act (M.G.L. c. 93A), for a declaratory judgment, for breach of contract, and for injunctive relief.

2.    This lawsuit arises out of AIG's failure to acknowledge and honor its release of Champps, as successor to DAKA International, Inc. ("DAKA"), from financial liability for any further payments for claims that are covered by insurance policies purchased by DAKA from AIG for events occurring during the 1994 through 1997 policy periods.

3.    Specifically, AIG's wrongful failure to acknowledge its release of Champps from any further liability under these insurance policies and AIG's wrongful withholding of a $526,000 irrevocable standby letter of credit and a surety bond posted for approximately $526,254, in connection with the insurance policies, has caused and continues to cause Champps substantial damage.

## Parties

4.    Plaintiff Champps is a Delaware corporation with its principal place of business at 10375 Park Meadows Drive, Suite 560, Littleton, Colorado 80124.

5.    Up until December 1999, Champps and DAKA's principal place of business was at 55 Ferncroft Road, Danvers, Massachusetts 01923. In December 1999, Champps relocated its corporate headquarters to Littleton, Colorado, but still maintains an office in North Andover, Massachusetts.

6.      Champps owns and operates restaurants and franchises throughout the United States.

7.      Defendant American International Group, Inc. ("AIG Inc.") is a corporation organized under the laws of Delaware that maintains a principal place of business at 70 Pine Street, New York, New York, licensed to do business in the Commonwealth of Massachusetts.

8.      Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") is a member company of AIG, Inc. and a corporation organized under the laws of the Commonwealth Pennsylvania, that maintains a principal place of business at 70 Pine Street, New York, New York 10270.

9.      National Union is an insurance company licensed to do business in the Commonwealth of Massachusetts and the insurance company that sold the insurance policies to DAKA.

### Jurisdiction and Venue

10.     The subject matter jurisdiction of this Court is based upon 28 U.S.C. § 1332, in that there is complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391, in that a substantial part of the events giving rise to this action occurred in this District.

## Factual Background

### A. The Relationship Between Champps and DAKA

12. In February 1996, Champps was acquired by DAKA, a diversified food service company.

13. In July 1997, DAKA "spun off" its restaurant companies, including those companies operating Champps Americana Restaurants and Fuddruckers Restaurants, into a newly formed company, Unique Casual Restaurants, Inc. ("Unique").

14. As successor to DAKA by virtue of the "spin-off", Unique assumed certain liabilities pertaining to DAKA that occurred prior to the "spin-off" and indemnified Compass, the current owner of DAKA, against losses relative to these matters.

15. As a direct result of the "spin-off", Unique assumed all liabilities and benefits of DAKA's insurance coverage, including the coverage that AIG provided to DAKA for the 1994 through 1997 policy periods.

16. In July 1999, Unique changed its name to Champps, and Champps thereby assumed all of the liabilities and benefits of DAKA's insurance coverage provided by AIG for the 1994 through 1997 policy periods.

### B. DAKA's Insurance Coverage

17. DAKA's insurance coverage consisted of various types of coverage, including property, business automobile, workers compensation, employers liability and commercial general liability coverages (the "DAKA Policies").

18.     Most of the DAKA Policies, including the workers compensation and general liability policies, were "Large Deductible" policies, each containing a deductible of $250,000 per incident.

19.     The workers compensation insurance policies contained a "Final Premium" section, which sets forth AIG's obligation to determine the "Final Premium" once the policy period ends (the "DAKA Workers Comp. Policies").

## C.    The Surety Bond and the Irrevocable Standby Letter of Credit

20.     Throughout the years the DAKA Policies were in place, DAKA, Unique and subsequently Champps all placed surety bonds with Continental Casualty Company ("CNA") as collateral for the DAKA Policies.

21.     In addition to posting the surety bonds, AIG was also annually provided with cash collateral in connection with the DAKA Policies in excess of one million dollars.

22.     On February 11, 1999, at AIG's request, Champps replaced the current surety bond with an irrevocable standby letter of credit of $526,000 for the payment of claims under the DAKA Policies. (A copy of the Irrevocable Standby Letter of Credit is attached hereto as Ex. "A").

23.     From the time Champps assumed its liabilities under the DAKA Policies up until their final adjustment, Champps continued to make claim-related payments as AIG requested.

**D.** **Final Adjustment Under the DAKA Policies**

24. Prior to November 6, 2001, Champps had made payments in excess of $11,000,000 to AIG.

25. By letter dated November 6, 2001, Robert Wynne, Senior Vice President for Willis Corroon Corporation of Massachusetts, Inc. ("Willis Corroon"), the insurance broker for the DAKA Policies, advised Champps that a final retrospective premium adjustment payment of $460 was owed under the DAKA Policies.

26. Enclosed with the November 6, 2001 letter was a copy of the final adjustment from AIG dated June 4, 2001 (the "June 4, 2001 Final Adjustment").

27. The June 4, 2001 Final Adjustment states:

Re: Account Name: Daka International, Inc.
Policy Period: 7/1/94-7/1/97
Valuation Date: 03/31/2001
Adjustment #: **Final**
Retro Premium/Return: $460

\* \* \*

**There will be no more adjustments done to this account. The policies captioned above can be considered "FINAL AND COMPLETE."** If you have any questions feel free to contact me at (212) 770-1279.

(Letter from Anthony J. Conti of AIG to Willis, dated June 4, 2001 (emphasis added), attached hereto as Ex. "B ").

28. The June 4, 2001 Final Adjustment also included a Loss Provision Adjustment Report for DAKA prepared by AIG.

29.     The Loss Provision Adjustment Report also reflected a final payment due of $460.

30.     By letter dated November 30, 2001, Champps responded to AIG's payment request, forwarding along with its response a check for $460.

31.     In Champps' November 30, 2001 letter, Champps reconfirmed facts stated in Willis Corroon's November 6, 2001 letter and the June 4, 2001 Final Adjustment, most importantly that no additional payments under the DAKA Policies are due.

32.     Champps' November 30, 2001 letter specifically requested:

> If this does not satisfy DAKA International, Inc.'s ultimate and final liability for the insurance policies and periods stated above, do not cash this check. Please return it to my attention.

(Letter from Frederick J. Dreibholz to Anthony J. Conti, dated November 30, 2001, attached hereto as Ex. "C ").

33.     Champps' November 30, 2001 letter also notified AIG that Champps was terminating the irrevocable standby letter of credit that was posted in place of the surety bond.

34.     On December 12, 2001, AIG cashed Champps $460 check, indicating AIG's agreement that DAKA's "ultimate and final liability" under the DAKA Policies was satisfied.

35. On January 2, 2002, as a final measure to ensure that all liabilities regarding the DAKA Policies had been satisfied, Champps forwarded a confirmation letter to AIG. (A copy of the January 2, 2002 letter is attached hereto as Ex. "D").

36. On January 22, 2002, Champps received a response from AIG regarding Champps' January 2, 2002 letter, executed by an AIG official with appropriate authority, once again confirming that "the insurance liability for DAKA International, Inc. has been satisfied." Id.

**E. AIG's Subsequent Demands For Payment Despite Champps' Complete Satisfaction Under the DAKA Policies**

37. From January 2, 2002 through this year, Champps has received invoices from AIG for claims paid, or has received telephone calls from AIG regarding outstanding balances claimed to be owed under the DAKA Policies.

38. Champps responded to AIG's requests for payment by forwarding letters to AIG indicating that Champps liabilities under the DAKA Policies had been completely satisfied.

39. AIG never replied to any of Champps' response letters addressing AIG's requests for payment.

40. In addition, AIG's multiple subsequent requests for payment are both inconsistent and unsubstantiated.

41.    In November 2002, Champps began receiving demands from AIG for $1.5 million allegedly owed under the DAKA Policies with no supporting documentation that would substantiate this outstanding balance.

42.    By e-mail dated September 24, 2003, without any explanation, AIG indicated that a balance of $57,186 was owed for DAKA's premium and audit/retro adjustments.

43.    By letter dated October 29, 2003 from AIG to Champps' current insurance broker, AIG indicated, without providing any detail regarding the paid losses by claimant for the time period in which the claims were incurred, that claims payments under the DAKA Policies totaled $4,078,361.06, and that Champps owed an outstanding balance of $1,553,211.06.

44.    Champps also received multiple invoices from AIG's Alpharetta, Georgia office, demanding payment in the amount of $72,945.25, an amount obviously inconsistent with AIG's other payment requests.

**F.    AIG's Failure to Release Champps' Surety Bond and Irrevocable Standby Letter of Credit**

45.    As set forth above, in February 1999, Champps posted an irrevocable surety bond in the amount of $526,254, for the payment of claims under the DAKA Policies. This surety bond was subsequently replaced with an irrevocable standby letter of credit in the amount of $526,000 in November 2003.

46.    In order to cancel Champps liability under both the surety bond and the letter of credit, AIG's authorization is required.

47.     Even though AIG released Champps from any further liability under the DAKA Policies, AIG has refused and failed to release the surety bond and the irrevocable standby letter of credit, despite repeated requests from Champps.

48.     Despite its previous release of Champps from any further liability under the DAKA Policies and written representations that the DAKA Policies can be considered "FINAL AND COMPLETE", AIG continues to demand substantial payments from Champps under the DAKA Policies without substantiation.

## Count I
### Injunctive Relief

49.     Champps realleges and incorporates by reference all of the allegations stated above.

50.     Based on the foregoing, as a result of its release of Champps from any further liability under the DAKA Policies, AIG was likewise obligated to release the irrevocable letter of credit and the surety bond, which it has failed and refused to do.

51.     Due to the nature of these instruments, Champps is required to obtain AIG's consent to have them released and closed.

52.     AIG's refusal and failure to consent is without legal justification.

53.     Champps will suffer irreparable harm if AIG is not enjoined from drawing down on the surety bond and the letter of credit, and ordered to release these instruments.

54.     Any harm suffered by AIG by the granting of injunctive relief would be minimal and would be far outweighed by the harm to Champps that would be caused by the denial of injunctive relief.

55.     Granting Champps injunctive relief will not disserve any public interest.

WHEREFORE, Champps demands injunctive relief enjoining AIG from drawing down on the surety bond and the letter of credit and consenting to the release of these instruments, interest and costs, and all other damages that are necessary and appropriate.

## Count II
## Declaratory Judgment

56.     Champps realleges and incorporates by reference all of the allegations stated above.

57.     Champps seeks a declaration, in accordance with the terms of the DAKA Policies and AIG's agreement that Champps' liability under them has been satisfied, that it owes AIG no further payments under the DAKA Policies.

58.     Champps seeks a declaration that, because Champps has no additional financial obligation to AIG, that AIG is required to immediately release the surety bond and the irrevocable standby letter of credit posted by Champps in connection with the DAKA Policies.

59.    While Champps has no further financial obligation to AIG under the DAKA Policies or any other insurance policies that it sold to Champps, AIG continues to demand payments from Champps.

60.    Notwithstanding its release of Champps, AIG continues to refuse to release Champps' surety bond and irrevocable standby letter of credit.

61.    An actual and justiciable controversy exists between the parties with respect to these issues.

WHEREFORE, Champps demands a judicial declaration by this Court that: 1) Champps is released from all liability under the DAKA Policies; 2) that AIG is required to immediately release the surety bond and the irrevocable standby letter of credit posted by Champps for AIG in connection with the DAKA Policies; and 3) together with all compensatory and consequential damages, costs of suit, reasonable attorneys' fees, pre-judgment interest, post-judgment interest, and such other relief as this Court deems just.

## Count III
### Account Stated

62.    Champps realleges and incorporates by reference all of the allegations stated above.

63.    AIG sent Champps a statement of Final Adjustment and Loss Provision Adjustment Report indicating that a final payment of $460 was due and owing (the "Statement of Account").

64. Champps accepted the Statement of Account as a final balance due to AIG under the DAKA Policies, forwarding a check to AIG in the amount of $460, requesting that AIG not cash the check unless it agreed that the $460 payment fully satisfied Champps ultimate and final liability under the DAKA Policies.

65. AIG cashed the $460 check without protest or objection, duly acknowledging that Champps' payment of $460 was true and correct, and deemed a final payment.

66. On January 22, 2002, Champps received a signed confirmation from an AIG official with appropriate authority confirming that the insurance liability under the DAKA Policies had been fully satisfied.

67. By reason of the foregoing, any further obligations that Champps may owe to AIG under the DAKA Policies were discharged by an account stated.

WHEREFORE, Champps demands a judgment discharging Champps from all liability under the DAKA Policies and immediately releasing the surety bond and the irrevocable standby letter of credit posted by Champps for AIG in connection with the DAKA Policies, together with all compensatory and consequential damages, costs of suit, reasonable attorneys' fees, pre-judgment interest, post-judgment interest, and such other relief as this Court deems just.

## Count IV
### Violations of M.G.L. c. 93A

68. Champps realleges and incorporates by reference all of the allegations stated above.

69. The actions and transactions herein alleged to be unfair and deceptive acts or practices occurred primarily and substantially within the Commonwealth of Massachusetts.

70. Among other things, the DAKA Policies were brokered in Massachusetts; the insurance broker, Willis Corroon, for the DAKA Policies was located in Massachusetts; the AIG office underwriting and selling of the insurance policies was located in Massachusetts; and the relevant offices of DAKA and Champps were at all relevant times located in Massachusetts.

71. Champps engages in trade or commerce within the meaning of M.G.L. c. 93A, § 11.

72. During the course of engaging in trade or commerce in the Commonwealth of Massachusetts, AIG has committed unfair or deceptive acts or practices declared unlawful by M.G.L. c. 93A, § 2, and by rules and regulations issued under M.G.L. c. 93A, § 2(c), including but not limited to the following:

a. AIG has misrepresented material facts pertaining to Champps liability under the DAKA Policies by, among other things:

(i) Representing falsely and inconsistently that Champps had further payment obligations under the DAKA Policies, despite its earlier release and discharge of Champps from any further liability under the DAKA Policies;

(ii) Concealing material information regarding its calculations concerning amounts purportedly owed by Champps under the DAKA Policies;

(iii)    Providing to Champps multiple letters and invoices concerning amounts still owed under the DAKA Policies, despite its release of Champps from all further liability thereunder;

(iv)    By failing to provide any type of response to Champps' letters concerning its satisfaction of all liabilities under the DAKA Policies and AIG's incorrect requests for payment;

(v)    Through its failure to release the surety bond and the irrevocable standby letter of credit posted by Champps at AIG's request, despite its repeated assurances that Champps had been discharged of all liability under the DAKA Policies; and

(vi)    Through its failure to provide Champps with any accounting under the DAKA Policies outlining to whom claims were paid and the corresponding amounts of each claim.

b.    AIG compelled Champps to hire attorneys and pursue this litigation to resolve this dispute and recover its damages;

c.    AIG committed a breach of its duties of good faith and fair dealing;

d.    AIG breached their fiduciary duty to Champps;

e.    AIG made misrepresentations in violation of M.G.L. c. 175, § 81;

f.    AIG made misrepresentations in violation of M.G.L. c. 176D, § 3;

g.   AIG made claims and/or representations which had the capacity or tendency or effect of materially deceiving Champps, a buyer of insurance, in violation of 940 CMR § 3.05;

h.   AIG made misleading and deceptive representations regarding the construction and utility, and the benefit to be derived from, the DAKA Policies, in violation of 940 CMR § 3.05;

i.   AIG's actions described herein are oppressive or otherwise unconscionable in violation of 940 CMR § 3.16;

j.   AIG is continually and wrongfully sending Champps numerous notices demanding payments or sums that are not due;

and

j.   AIG failed, without excuse or justification, to fulfill its contractual promises promptly, including but not limited to its release of Champps from all liability incurred under the DAKA Policies and the release of the irrevocable standby letter of credit posted by Champps.

73.   AIG's violations of M.G.L. c. 93A, § 2, were willful and/or knowing.

74.   Champps has suffered damages, in the form of the loss of money and/or property, as a result of AIG's willful or knowing unfair or deceptive acts or practices.

75.   Champps provided AIG with a demand letter under M.G.L. c. 93A at least thirty days prior to the filing of the complaint.

76. The demand letter that Champps provided to AIG identified the claimant, reasonably described the unfair or deceptive acts or practices, and reasonably described Champps' injuries.

WHEREFORE, Champps demands judgment in its favor and against AIG for all monetary damages caused by its violation of M.G.L. c. 93A, including, without limitation, compensatory damages, consequential damages, prejudgment interest, post-judgment interest, double or treble damages as provided by M.G.L. c. 93A, § 11, all equitable relief that is necessary and proper, including an order requiring the immediate release of the irrevocable standby letter of credit, reasonable attorneys' fees, costs, and such other relief as this Court deems just.

## Count V
## Breach of Contract

77. Champps realleges and incorporates by reference all of the allegations stated above.

78. AIG and DAKA entered into a valid and binding contracts, for consideration, in which AIG was obligated to adhere to the terms and conditions thereof.

79. Specifically, with respect to the DAKA Policies, AIG agreed to compute premiums owed at the end of each audit period until a final adjustment under the policies were made.

80. Once a final adjustment under the DAKA Policies was made, AIG specifically agreed to release DAKA from any further liability under them.

81. AIG breached that contract by the conduct described above,

including its subsequent requests for payments despite its representation that

Champps' November 30, 2001 payment of $460 was a "final and complete" payment,

and that no further payments were to be made.

82. Champps has suffered damages as a result of AIG's breach of

contract.

WHEREFORE, Champps respectfully requests a judgment in favor of

Champps and against AIG to pay all monetary damages caused by its breach of

contract, including, without limitation, compensatory damages, consequential damages,

prejudgment interest, post-judgment interest, costs, and such other relief as this Court

deems just.

June 22, 2004        By: _____

            Donna L. Depoian, Esq. (BBO # 547215)
            614 Forest Street
            North Andover, MA 01845
            Telephone: 978-725-8880

                   -and-

            ANDERSON KILL & OLICK, P.C.
            John N. Ellison, Esq.
            Claudine Q. Homolash, Esq.
            1600 Market Street
            Suite 2500
            Philadelphia, PA 19103
            Telephone: 215-568-4202

            Attorneys for Plaintiff
            Champps Entertainment, Inc.

# CIVIL COVER SHEET

JS 44 (Rev. 3/99)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

CHAMPPS ENTERTAINMENT, INC.

## DEFENDANTS

AMERICAN INTERNATIONAL GROUP, INC.
NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURG, PA

(b) County of Residence of First Listed Plaintiff  **Essex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  **New York**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Donna L. Depoian
614 Forest Street
North Andover, MA 01845
978 725-8880

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury— Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Diversity - 28 U.S.C. § 1332

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE  6/23/04

SIGNATURE OF ATTORNEY OF RECORD
*Donna Depoian /ch*

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Champps Entertainment, Inc. v. American
   International Group, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   [ ] I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ] II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   [X] III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   [ ] IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   [ ] V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                              YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

                                                              YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                              YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                              YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                              YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division [X]        Central Division [ ]        Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division [ ]        Central Division [ ]        Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                              YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME     Donna L. Depoian   (BBO # 547215)

ADDRESS     614 Forest Street, North Andover, MA 01845

TELEPHONE NO.   978-725-8880

(Coversheetlocal.wpd - 10/17/02)

 **First National Bank**

International Trade Services.
1620 Dodge Street
Omaha NE 68197
402.341.0500
SWIFT: FNBOUS44

IRREVOCABLE STANDBY LETTER OF CREDIT

LETTER OF CREDIT NUMBER: STB03200204

DATE: NOVEMBER 6, 2003

APPLICANT:
CHAMPPS OPERATING CORPORATION
5619 DTC PARKWAY, SUITE 1000
ENGLEWOOD, CO 80111

BENEFICIARY:
NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA, AND
AMERICAN HOME ASSURANCE COMPANY, AND
AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, AND
THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, AND
COMMERCE AND INDUSTRY INSURANCE COMPANY, AND
AIU INSURANCE COMPANY, AND
BIRMINGHAM FIRE INSURANCE COMPANY OF PENNSYLVANIA, AND
ILLINOIS NATIONAL INSURANCE COMPANY, AND
AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY, AND
NATIONAL UNION FIRE INSURANCE COMPANY OF LOUISIANA, AND
AMERICAN INTERNATIONAL PACIFIC INSURANCE COMPANY, AND
GRANITE STATE INSURANCE COMPANY, AND
NEW HAMPSHIRE INSURANCE COMPANY, AND
LEXINGTON INSURANCE COMPANY, AND
LANDMARK INSURANCE COMPANY, AND
STARR EXCESS LIABILITY INSURANCE COMPANY LIMITED
P.O. BOX 923
WALL STREET STATION
NEW YORK, NY 10268
ATTN: MR. ART STILLWELL

WE HEREBY ESTABLISH THIS IRREVOCABLE LETTER OF CREDIT IN FAVOR OF THE
AFORESAID ADDRESSEES (EACH, THE "BENEFICIARY") FOR DRAWINGS UP TO
USD526,000.00 (UNITED STATES DOLLARS FIVE HUNDRED TWENTY SIX THOUSAND
AND NO/100) EFFECTIVE IMMEDIATELY. THIS LETTER OF CREDIT IS ISSUED,
PRESENTABLE AND PAYABLE AT OUR OFFICE AT FIRST NATIONAL BANK,
INTERNATIONAL TRADE SERVICES, 1620 DODGE STREET STOP 1111, OMAHA, NE
68197-1111 AND EXPIRES WITH OUR CLOSE OF BUSINESS ON NOVEMBER 6, 2004
OR ANY FUTURE EXPIRATION DATE.

THE TERM "BENEFICIARY" INCLUDES ANY SUCCESSOR BY OPERATION OF LAW OF
EACH NAMED BENEFICIARY, INCLUDING, WITHOUT LIMITATION, ANY LIQUIDATOR,
REHABILITATOR, RECEIVER OR CONSERVATOR.

WE HEREBY UNDERTAKE TO PROMPTLY HONOR YOUR SIGHT DRAFT(S) DRAWN ON US,
INDICATING OUR LETTER OF CREDIT NO. STB03200204, FOR ALL OR PART OF
THIS CREDIT IF PRESENTED AT OUR OFFICE SPECIFIED IN PARAGRAPH ONE ON OR
BEFORE THE EXPIRY DATE OR ANY AUTOMATICALLY EXTENDED EXPIRY DATE.  ANY
ONE BENEFICIARY OR COMBINATION OF BENEFICIARIES, ACTING INDIVIDUALLY OR
COLLECTIVELY, MAY DRAW ON THIS LETTER OF CREDIT IN FULL OR IN PART, AND

Page 1 of 2

 **First National Bank**

International Trade Services
1620 Dodge Street
Omaha NE 68197
402.341.0500
SWIFT: FNBOUS44

Page: 2
Date: November 06, 2003
Our Reference No: 03200204

ANY ACTION TAKEN BY ANY OR ALL BENEFICIARIES HEREUNDER SHALL BIND EACH OF THEM.

EXCEPT AS EXPRESSLY STATED HEREIN, THIS UNDERTAKING IS NOT SUBJECT TO ANY AGREEMENT, CONDITION OR QUALIFICATION. THE OBLIGATION OF FIRST NATIONAL BANK UNDER THIS LETTER OF CREDIT IS THE INDIVIDUAL OBLIGATION OF FIRST NATIONAL BANK AND IS IN NO WAY CONTINGENT UPON REIMBURSEMENT WITH RESPECT THERETO.

IT IS A CONDITION OF THIS LETTER OF CREDIT THAT IT SHALL BE DEEMED AUTOMATICALLY EXTENDED WITHOUT AMENDMENT FOR ONE YEAR FROM THE EXPIRY DATE HEREOF, OR ANY FUTURE EXPIRATION DATE, UNLESS AT LEAST THIRTY DAYS PRIOR TO ANY EXPIRATION DATE WE NOTIFY YOU BY REGISTERED MAIL OR COURIER SERVICE THAT WE ELECT NOT TO CONSIDER THIS LETTER OF CREDIT RENEWED FOR ANY SUCH ADDITIONAL PERIOD.

THIS LETTER OF CREDIT IS SUBJECT TO AND GOVERNED BY THE LAWS OF THE STATE OF NEW YORK, AND THE 1993 REVISION OF THE UNIFORM CUSTOMS AND PRACTICE FOR DOCUMENTARY CREDITS OF THE INTERNATIONAL CHAMBER OF COMMERCE (PUBLICATION 500) AND, IN THE EVENT OF ANY CONFLICT, THE LAWS OF THE STATE OF NEW YORK WILL CONTROL. IF THIS CREDIT EXPIRES DURING AN INTERUPTION OF BUSINESS AS DESCRIBED IN ARTICLE 17 OF SAID PUBLICATION 500, THE BANK HEREBY SPECIFICALLY AGREES TO EFFECT PAYMENT IF THIS CREDIT IS DRAWN AGAINST WITHIN THIRTY (30) DAYS AFTER THE RESUMPTION OF BUSINESS.

FIRST NATIONAL BANK

AUTHORIZED SIGNATURE

ZEICHNER ELLMAN & KRAUSE    ☑ 025/036

EXHIBIT B

Attachment _____
Page __2__ of __6__



American International Companies®
80 Pine Street, 5th Floor
New York, NY 10005
212.770.
212.425.2014 (Fax)

RECEIVED
NOV 0 8 2001
By

June 4, 2001

Willis Corroon Corp of MA
Three Copley Place Suite 300
Boston, MA 02116
Attn: Bob Wynne

RE:

| | | |
|---|---|---|
| Account Name: | Daka International, Inc. | |
| Policy Period: | 7/1/94-71/197 | |
| Valuation Date: | 03/31/2001 | |
| Adjustment #: | Final | |
| Retro Premium/Return: | $450 | |

Dear Mr. Wynne,

Attached is the current statement of the adjusted premium and its supporting documentation for the captioned account above. Listed is the premium breakdown:

| Policy Period | Adjustment | Premium |
|---|---|---|
| 7/1/94-95 | Loss Provision | ($2,342) |
| 7/1/95-96 | Loss Provision | ($7,076) |
| 7/1/96-97 | Loss Provision | $9,878 |
| Total | | $450 |

Total Amount is due by 07/06/2001

There will be no more adjustments done to this account. The policies captioned above can be considered "FINAL AND COMPLETE". If you have any questions feel free to contact me at (212) 770-1278.

Sincerely,

Anthony J. Conti
Account Service Representative
Anthony.Conti@AIG.com

CC:
Harrington Williams      5/80 Pine St. New York, NY 10005
Roy Gandon               5/80 Pine St. New York, NY 10005
Dawn Gregg               5/80 Pine St. New York, NY 10006

| First Class Mail | Express Mail | Payment Via Wire |
|---|---|---|
| American International Companies<br>P.O. Box 10642<br>Newark, NJ 07193<br><br>Attn: Roy Gandon | Chase Manhattan Bank<br>55 Water Street, Room 826<br>New York, NY 10041 | Chase Manhattan Bank<br>55 Water Street<br>New York, NY 10005<br>Acct. #: 323-160-387<br>ABA #: 021-000-021<br>Phone #: 1-877-204-1124 |





Attachment _____ 1 _____
Page _____ 3 _____ of _____ 6 _____

## DAKA International, Inc.

LOSS PROVISION ADJUSTMENT REPORT
ADDITIONAL AND RETURN PREMIUMS
LOSSES VALUED @ 3/31/01.

| Contract Number | Effective Date | Attachment Point | Original Loss Provision | Prior L/P Adjustments | ITD Loss Provision | Total Ultimate Losses | A/P-(R/P) Amounts | Increase (Decrease) Fees |
|---|---|---|---|---|---|---|---|---|
| 199700 | 07/01/94 | 8,900,000 | 3,900,000 | (1,379,519) | 2,520,481 | 1,215,193 | (1,305,288) | (2,342) |
| 199701 | 07/01/95 | | 5,723,335 | (2,303,802) | 3,419,533 | 1,772,742 | (1,646,791) | (7,076) |
| 199702 | 07/01/96 | | 4,139,914 | (928,654) | 3,211,260 | 2,244,285 | (966,975) | 9,878 |
| 199703* | 07/01/97 | | | | | | | 0 |
| **TOTAL:** | | | **13,763,249** | **(4,611,975)** | **9,151,274** | **5,232,220** | **(3,919,054)** | **460** |





Attachment _____1_____

Page __4__ of __6__



# ADDITIONAL PREMIUM FEE CALCULATION SHEET

**ACCOUNT NAME:** DAKA International, Inc.
**POLICY YEAR:** 07/01/94
**CONTRACT NUMBER:** 199700

## FEE CALCULATION:

| | | |
|---|---|---|
| ADDITIONAL /(RETURN) PREMIUM | (1,305,288) | |
| COMPONENTS OF SUB. PREM. FOR TAXES | (1,305,288) | |
| TAXES BOARD, BUREAU CHARGES | (1,041) | |
| ADJUSTED SUBJECT PREMIUM | (1,306,329) | |
| CLAIMS SUPERVISION FEE | (1,301) | |
| ADJUSTED GROSS PREMIUM | (1,307,630) | |
| | | |
| TAXES, BOARDS, BUREAUS | 4.800% | Of Losses (Non-Deductible and Deductible) |
| CLAIMS SUPERVISION FEE | 6.000% | Of Losses (Non-Deductible and Deductible) |

| Premiums | 3/31/00 | Rate | Exposure | Audited premium | Change |
|---|---|---|---|---|---|
| CLAIMS SUPERVISION FEE | 151,229 | 0.060000 | 2,498,800 | 149,928 | (1,301) |
| Taxes Boads & Bureau | 120,983 | 0.048000 | 2,498,800 | 119,942 | (1,041) |
| | | | | | |
| **Losses** | | | | | |
| Non-Deductible | 1,215,193 | | | | |
| Deductible | 1,283,607 | | | | |
| Total | 2,498,800 | | | | |

| | | |
|---|---|---|
| ADDITIONAL TBB | SEE ABOVE = | (1,041) |
| ADDITIONAL Claims Supervision Fee | SEE ABOVE = | (1,301) |
| | *TOTAL FEES* = | *(2,342)* |

| TIE BACK: | |
|---|---|
| ADDITIONAL TBB | (1,041) |
| ADDITIONAL Claims Supervision Fee | (1,301) |
| LOSS PROVISION | (1,305,288) |
| *TOTAL A.P. (R.P)* | *(1,307,630)* |

Adjustor: Anthony J. Conti
Phone: (212)770-1279



# ADDITIONAL PREMIUM FEE CALCULATION SHEET

**ACCOUNT NAME:** DAKA International, Inc.
**POLICY YEAR:** 07/01/95
**CONTRACT NUMBER:** 199701

## FEE CALCULATION:

| | |
|---|---:|
| ADDITIONAL /(RETURN) PREMIUM | (1,646,791) |
| COMPONENTS OF SUB. PREM. FOR TAXES | (1,646,791) |
| TAXES BOARD, BUREAU CHARGES | (3,572) |
| ADJUSTED SUBJECT PREMIUM | (1,650,363) |
| CLAIMS SUPERVISION FEE | (3,504) |
| ADJUSTED GROSS PREMIUM | (1,653,867) |

| | | |
|---|---:|---|
| TAXES, BOARDS, BUREAUS | 6.118% | Of Losses (Non-Deductible and Deductilble) |
| CLAIMS SUPERVISION FEE | 6.000% | Of Losses (Non-Deductible and Deductilble) |

| Premiums | 3/31/00 | Rate | Exposure | Audited Premium | Change |
|---|---|---|---|---|---|
| CLAIMS SUPERVISION FEE | 205,172 | 0.060000 | 3,361,135 | 201,668 | (3,504) |
| TAXES, BOARDS, BUREAUS | 209,200 | 0.061178 | 3,361,135 | 205,628 | (3,572) |



**Losses**

| | |
|---|---:|
| Non-Deductible | 1,772,742 |
| Deductible | 1,588,393 |
| Total | 3,361,135 |

| | | |
|---|---|---:|
| ADDITIONAL TBB | SEE ABOVE = | (3,572) |
| CLAIMS SUPERVISION FEE | SEE ABOVE = | (3,504) |
| | **TOTAL FEES =** | **(7,076)** |

| TIE BACK: | |
|---|---:|
| ADDITIONAL TBB | (3,572) |
| CLAIMS SUPERVISION FEE | (3,504) |
| LOSS PROVISION | (1,646,791) |
| **TOTAL A.P. (R.P)** | **(1,653,867)** |

Adjustor: Anthony J. Conti
Phone: (212)770-1279



Attachment _____ /

Page ___ 6 __ of __ 6

# ADDITIONAL PREMIUM FEE CALCULATION SHEET

**ACCOUNT NAME:** DAKA International, Inc.
**POLICY YEAR:** 07/01/96
**CONTRACT NUMBER:** 199702
**FEE CALCULATION:**

| | |
|---|---|
| ADDITIONAL /(RETURN) PREMIUM | (966,975) |
| COMPONENTS OF SUB. PREM. FOR TAXES | (966,975) |
| TAXES BOARD, BUREAU CHARGES | 4,674 |
| ADJUSTED SUBJECT PREMIUM | (962,301) |
| CLAIMS SUPERVISION FEE | 5,204 |
| ADJUSTED GROSS PREMIUM | (957,097) |

| | | |
|---|---|---|
| TAXES, BOARDS, BUREAUS | 6.680% | Of Losses (Non-Deductible and Deductible) |
| CLAIMS SUPERVISION FEE | 6.000% | Of Losses (Non-Deductible and Deductible) |



| Premium | 3/31/00 | Rate | Exposure | Audited Premium | Change |
|---|---|---|---|---|---|
| CLAIMS SUPERVISION FEE | 192,676 | 0.060000 | 3,289,167 | 197,350 | 4,674 |
| TAXES BOARD, BUREAU CHARGES | 214,512 | 0.066800 | 3,289,167 | 219,716 | 5,204 |

**Losses**

| | |
|---|---|
| Non-Deductible | 2,244,285 |
| Deductible | 1,044,882 |
| Total | 3,289,167 |

| | | |
|---|---|---|
| ADDITIONAL TBB | SEE ABOVE = | 5,204 |
| ADDITIONAL WORKERS' COMPENSATION | SEE ABOVE = | 4,674 |
| | *TOTAL FEES =* | **9,878** |

| *TIE BACK:* | |
|---|---|
| ADDITIONAL TBB | 5,204 |
| CLAIMS SUPERVISION FEE | 4,674 |
| LOSS PROVISION | (966,975) |
| *TOTAL A.P. (R.P)* | *(957,097)* |

Adjustor: Anthony J. Conti
Phone: (212)770-1279



Exhibit C

**CHAMPPS**
ENTERTAINMENT. INC

November 30, 2001

**VIA OVERNIGHT MAIL**
Mr. Anthony J. Conti
Account Service Representative
American International Companies
80 Pine Street, 5th Floor
New York, NY  10005

|  |  |  |
|---|---|---|
| RE: | Account Name: | Daka International, Inc. |
|  | Policy Period: | 7/1/94-71/197 |
|  | Valuation Date: | 03/31/2001 |
|  | Adjustment #: | Final |
|  | Retro Premium/Return: | $460 |

Dear Tony:

In response to your correspondence dated June 4, 2001 to Bob Wynne of Willis, please find attached a check for $460. Per your correspondence and per Willis' letter to Angela Collins dated November 6, 2001, (see attachment 1), this payment represents the final adjustment for Daka International, Inc. for the policy periods 7/1/94 through policy period 7/1/97. Per our records, the contracts and policies for workers' compensation insurance, general liability insurance and business auto insurance listed on Attachment 2 are the policies in place for Daka International, Inc. for the periods specified in your correspondence.

Per your correspondence, "There will be no more adjustments done to this account. The policies captioned above can be considered 'FINAL AND COMPLETE'." In reliance on your correspondence, Willis Correspondence, and our payment, we understand we will have no further liability for the insurance policies identified on the attached schedule. Any charges, changes to reserves or any new claims will be AIG's responsibility.

In addition, we will be terminating the surety bond in the amount of $526,274 which named AIG as benefactor in the event of default by Daka International, Inc. or its successors Unique Casual Restaurants, Inc. or Champps Entertainment, Inc.

Attachment ____2____

Page __3__ of __4__ 4



**American International Companies**•
80 Pine Street, 5th Floor
New York, NY 10005
212.770. _____
212.425.2914 (Fax)



June 4, 2001

Willis Corroon Corp of MA
Three Copley Place Suite 300
Boston, MA 02116
Attn: Bob Wynne

RE:

| | | |
|---|---|---|
| Account Name: | Daka International, Inc. | |
| Policy Period: | 7/1/94-7/1/97 | |
| Valuation Date: | 03/31/2001 | |
| Adjustment #: | Final. | |
| Retro Premium/Return: | $460 | |

Dear Mr. Wynne,

Attached is the current statement of the adjusted premium and its supporting documentation for the captioned account above. Listed is the premium breakdown:

| Policy Period | Adjustment | Premium |
|---|---|---|
| 7/1/94-95 | Loss Provision | ($2,342) |
| 7/1/95-96 | Loss Provision | ($7,076) |
| 7/1/96-97 | Loss Provision | $9,878 |
| Total | | $460 |

Total Amount is due by 07/08/2001

There will be no more adjustments done to this account. The policies captioned above can be considered "FINAL AND COMPLETE." If you have any questions feel free to contact me at (212) 770-1278.

Sincerely,

Anthony J. Conti
Account Service Representative
Anthony.Conti@AIG.com

CC:

| | Harrington Williams | 5/80 Pine St. New York, NY 10005 |
|---|---|---|
| | Roy Gandon | 5/80 Pine St. New York, NY 10005 |
| | Dawn Gregg | 5/80 Pine St. New York, NY 10006 |

| First Class Mail | Express Mail | Payment Via Wire |
|---|---|---|
| American International Companies | Chase Manhattan Bank | Chase Manhattan Bank |
| P.O. Box 10642 | 55 Water Street, Room 826 | 55 Water Street |
| Newark, NJ 07193 | New York, NY 10041 | New York, NY 10005 |
| | | Acct. #: 323-160-387 |
| Attn: Roy Gandon | | ABA #: 021-000-021 |
| | | Phone #: 1-877-204-1124 |

Check Date: 11/29/01                                                     Page ___ of ___ 4          No. 48260

**AMERICAN INTERNATIONAL GROUP**                                                           Vendor No: 2033

| Invoice | Description | Date | Gross Amount | Discount | Net Amount Paid |
|---------|-------------|------|--------------|----------|-----------------|
| 112901 | FINAL ADJUSTMENT | 11/06/01 | $460.00 | $0.00 | $460.00 |

| Page 1 of 1 | | Grand Totals | $460.00 | $0.00 | $460.00 |



CHAMPPS
ENTERTAINMENT INC

BANK ONE NAT
Ohio

Check No. 48260

VOID VOID V

PAY
TO THE
ORDER
OF
2033

AMERICAN INTERNATIONAL GROUP
P. BOX 116632
ATLANTA, GA 30368-6081

⑈"00048260⑈ ⑆044115443⑆ 627120850⑈

Cleared
12/12 05-1

**"See Reverse Side For Easy Opening Instructions"**



CHAMPPS
ENTERTAINMENT, INC.
5619 DTC Parkway • 10ᵗʰ Floor
Englewood, CO 80111

AMERICAN INTERNATIONAL GROUP
P.O. BOX 116632
ATLANTA, GA 30368-6081

Exhibit D

**CHAMPPS**
ENTERTAINMENT. INC.

January 2, 2002

Mr. Chris Webster
Regional Manager
AIGRM
99 High St.
Boston, MA 02110

Dear Chris:

Per the attached documentation, it appears that the insurance liability for Daka International, Inc. has been satisfied. Could you please confirm that this is the case by acknowledging this document and forwarding back to me in the self-addressed stamped envelope.

If you have any questions, I can be reached at 720-529-7362.

Sincerely,

Frederick J. Dreibholz
Chief Financial Officer

Enclosures

Chris Webster
AIG Insurance
Acknowledged and agreed to

5619 DTC PARKWAY, SUITE 1000    ENGLEWOOD, COLORADO 80111    TELE (303) 804-1333    FAX (303) 804-8477